IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI SOUTHERN
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-03132-01-CR-S-MDH |
| | ) |
| WEST PHARRIS FORD, | ) |
| | ) |
| Defendant. | ) |

## Findings of Fact and Adjudication Order

The Court held a bench trial on this matter February 11, 2026. During trial, Defendant orally reaffirmed waiver of his right to a jury trial. This Court finds such waiver to be valid.

The Government was represented by Cameron Beaver and Hannah Lucas of the U.S. Attorney's Office. Defendant was present at trial and represented by counsel, Stuart Huffman.

Defendant is charged with: (1) knowingly and intentionally possessing, with the intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and (2) knowingly and intentionally possessing, with the intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). The Court finds that the Government has proven all essential elements of the crimes beyond all reasonable doubt:[1]

---
[1] Eighth Circuit Model Instruction 6.21.841A

This Court finds beyond a reasonable doubt that on November 16, 2022, in Springfield, Greene County, within the Western District of Missouri, Defendant knowingly possessed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and at the time he possessed this cocaine, it was his intention to distribute some or all of it to another person. The Court also finds beyond a reasonable doubt he knowingly possessed more than 40 grams of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance and at the time he possessed this fentanyl, it was his intention to distribute some or all of it to another person.

It is stipulated in Exhibit 18, by and between the parties, the plaintiff, the United States of America, and the defendant, West Pharris Ford, that the facts constituting the offense are as follows:

On November 16, 2022, in Springfield, Greene County, within the Western District of Missouri, law enforcement conducted a traffic stop on a white Pontiac G6 for a license plate violation. Springfield, Missouri, Police Department (SPD) Officer Eric Dye contacted the defendant, West Pharris Ford, who was the driver and sole occupant of the vehicle.

The Defendant told Officer Dye he was tired due to driving from St. Louis, Missouri. Officer Dye asked the Defendant why he was driving from St. Louis around 2:00 a.m., and the Defendant said he was delivering the vehicle he was driving to a car dealership. The Defendant stated he was unaware the license plates did not match the vehicle, because the vehicle was not his. The Defendant showed Officer Dye his GPS route on his phone, which indicated that he was delivering the vehicle to 1510 North Glenstone A venue, Springfield, Missouri. Based on prior knowledge, Officer Dye knew that 1510 North Glenstone was a Casey's gas station, not a car

dealership.

Officer Dye checked the Defendant's driving status through his computer system and learned that he had a suspended driver's license. At this time, Officer Dye asked the Defendant to step out of the vehicle, and when he did, he was hunched over. The Defendant advised this was due to a back injury from being shot in the past. The Defendant asked to use the restroom, and Officer Dye told him he needed to wait until the investigation was complete.

Officer Dye conducted a frisk of the defendant's person to check for weapons, and nothing was located. The defendant gave Officer Dye permission to search the vehicle. Officer Dye got his Police Service Dog (PSD) Ivan from his patrol vehicle and gave him the command to begin a search. PSD Ivan did not give any indicators outside of the vehicle, but when he was inside, PSD Ivan alerted to the presence of narcotics on a dark in color canvas bag on the front passenger floorboard. PSD Ivan is trained to detect methamphetamine, heroin, marijuana, and cocaine.

At this time, Officer Dye searched the vehicle. When he looked inside the bag PSD Ivan alerted on, Officer Dye located a black digital scale with white powder on it. The black scale was seized and later placed in evidence. There was no other contraband located in the vehicle. When Officer Dye returned to the Defendant, he was still visibly leaning over. Officer Dye asked him if he needed to use the restroom that badly, and Ford stated he did. Officer Dye told the Defendant he would need to check him again and asked the Defendant to face the patrol vehicle and spread his legs apart. The Defendant complied.

When Officer Dye conducted this pat down of the Defendant, he felt an unusual bulge near the defendant's groin area. Officer Dye believed this was a foreign object and asked the Defendant what it was. The Defendant stated it was his "nuts and my dick." Officer Dye had the Defendant

3

turn around and face him and lifted the defendant's shirt. At that time, Officer Dye observed the top of a plastic bag in the defendant's waistline and behind his belt buckle. The Defendant tried to pull his shirt back down. Officer Dye informed the defendant that he was going to detain him until he could determine what was on his person. Officer Dye attempted to place a handcuff on the defendant's left wrist, and before the second handcuff could be applied, the Defendant pulled away.

Officer Dye and Officer John Taylor, who had arrived on the scene to assist, were able to apprehend the Defendant and place him in handcuffs. Officer Dye then searched the Defendant incident to arrest and located several plastic bags containing controlled substances concealed in his underwear. All substances were submitted to the Drug Enforcement Administration (DEA) crime laboratory.

This Court further finds that pursuant to the parties' stipulation, Exhibits 1-5 are bags seized from the Defendant that are in the same, or substantially the same, condition as it was they were seized from the Defendant. The Defendant stipulates to the foundation necessary for the admission of these exhibits, and he renews his objection to the admission of the exhibit as it relates to the preservation of his appellate rights regarding his motion to suppress that was overruled but otherwise agrees to the admission of Government's Exhibits1-5.

The Defendant admits that on November 16, 2022, he knowingly possessed more than 40 grams of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance. The Defendant further admits that at the time he possessed this fentanyl, it was his intention to distribute some or all of it to another person.

The Defendant also admits that on November 16, 2022, he knowingly possessed a mixture

4

or substance containing a detectable amount of cocaine, a Schedule II controlled substance. The Defendant further admits that at the time he possessed this cocaine, it was his intention to distribute some or all of it to another person.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. The Court finds beyond a reasonable doubt that Defendant committed the crimes charged. The Court finds that the Government has met their burden to prove that Defendant knowingly possessed cocaine and fentanyl. The Court also finds that at the time he possessed each substance it was his intention to distribute some or all of it to another person.

This Court finds beyond all reasonable doubt that Defendant committed the crimes charged in Counts 1 and 2 of the Indictment. (Doc. 1). Based on the foregoing, this Court finds Defendant **GUILTY** beyond a reasonable doubt of knowingly and intentionally possessing, with the intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and knowingly and intentionally possessing, with the intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

The Court acknowledges Defendant has reserved his right to appeal and further challenge the issues he raised in his Motion to Suppress. (Doc. 39).

It is **FURTHER ORDERED** that Defendant remain in custody until sentencing. It is also **FURTHER ORDERED** that the United States Probation Office prepare a presentence

investigation report.

**IT IS SO ORDERED.**

DATED: February 11, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE**
